# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSO BAILEY; | CASE NO. 11cv1616 WQH (WVG) |
| Plaintiff, | ORDER |
| vs. | |
| ELDERS, JOHNS, CHIEF OF POLICE FOR THE CITY OF EL CAJON, ACE TOWING, | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are the (1) Motion to Dismiss filed by Defendant Ace Towing (ECF No. 9), (2) Motion to Dismiss filed by Defendants Elders, Johns, and Pat Sprecco as Chief of Police for the City of El Cajon (ECF No. 10), (3) Motion for Sanctions filed by Plaintiff Russo Bailey (ECF No. 11), and (4) Motion for Summary Judgment filed by Plaintiff Russo Bailey (ECF No. 21).

## BACKGROUND

On July 22, 2011, Plaintiff, proceeding pro se and in forma pauperis, initiated this action by filing a Complaint pursuant to 28 U.S.C. § 1983. (ECF No. 1). The Complaint asserts six "causes of action" and eight "claims for relief" against Defendants Elders, Johns, the Chief of Police for the City of El Cajon, and Ace Towing. (ECF No. 1).

On September 19, 2011, Defendant Ace Towing filed a Motion to Dismiss (ECF No. 9) and Defendants Elders, Johns, and Pat Sprecco as Chief of Police for the City of El Cajon

filed a Motion to Dismiss (ECF No. 10).   The two motions to dismiss (ECF Nos. 9, 10) are identical and both contain a Request for Judicial Notice in Support of the Motion to Dismiss. On October 7, 2011, Plaintiff filed an Opposition.   (ECF No. 12).   On October 17, 2011, Defendants Elders, Johns, and Sprecco filed a Reply (ECF No. 14) and Defendant Ace Towing filed a reply (ECF No. 15).   The two replies (ECF Nos. 14, 15) are identical.

On October 7, 2011, Plaintiff filed a Motion for Sanctions.   (ECF No. 11).

On February 28, 2012, Plaintiff filed a Motion for Summary Judgment.   (ECF No. 21). On March 14, 2012, Defendants filed an affidavit in opposition.   (ECF No. 22).

## ALLEGATIONS OF THE COMPLAINT

On May 22, 2011, Defendants Elders and Johns searched and seized Plaintiff's property without cause or warrant while Plaintiff was inside a nearby McDonald's restaurant. (ECF No. 1 at ¶ 10).   Defendant Elders "violently attacked Plaintiff without provocation, binding the hands of Plaintiff intentionally to cause an incision and swelling of his right hand."   *Id*. Defendants Elders and Johns committed vandalism and armed robbery of Plaintiff's vehicle, taking "government documents, personal papers, garments, art work, electronic equipment, tools, radio, cameras, bedding, cooking utensils, food, and books."   *Id*. at ¶ 11.   "Plaintiff was then kidnapped and taken against his will to a jail cell" where he was "held for three days in jail without cause and never charged with a public offense."   *Id*.

On May 26, 2011, Plaintiff was informed by Defendants Chief of Police for the City of El Cajon and Ace Towing "that he will not regain possession [of] his vehicle" because he "does not own the vehicle in question," even though Plaintiff produced the title to the vehicle. *Id*. at ¶ 12.   Defendant Ace Towing "did carjack" Plaintiff's vehicle and "sold the property for economic gain."   *Id*. at ¶¶ 15-16.

The Complaint asserts six "causes of action" and eight "claims for relief" against Defendants, generally alleging the following: robbery of plaintiffs personal property, carjacking of his vehicle, kidnapping, assault and excessive force by arresting officers during arrest, false arrest, warrantless search and seizure, and failure to investigate, supervise or discipline officer misconduct by the City of El Cajon.

**DISCUSSION**

## I.    Motion to Dismiss Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

## II.    Defendants' Motions to Dismiss (ECF Nos. 9, 10)

Defendants contend that Plaintiff's Complaint is barred under *Heck v. Humphrey,* 512 U.S. 477 (1994), because Plaintiff plead guilty to the conduct which resulted in his arrest, seizure of property, and imprisonment. (ECF No. 10 at ¶ 5). Plaintiff contends that his Complaint is not barred by *Heck* and that Plaintiff has not been accused or convicted of any

crime. (ECF No. 12 at 4). Plaintiff contends that *Heck* does not cover claims of theft, kidnap, carjack, or false imprisonment. *Id.*

The Supreme Court has held that if a judgment in favor of a plaintiff in a §1983 claim would imply the invalidity of his conviction or sentence, then the §1983 claim must be dismissed. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). The Court of Appeals for the Ninth Circuit has applied the ruling in *Heck* to conclude that "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery,* 79 F.3d 951, 952 (9th Cir. 1996). A plaintiff seeking damages for an unconstitutional conviction or imprisonment under section 1983 "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-87. A claim for damages that has not been reversed, expunged, declared invalid, or called into question "is not cognizable under section 1983." *Id.* at 487. The doctrine in *Heck* applies to both pending charges and actual convictions. *Harvey v. Waldron,* 210 F.3d 1008, 1013-14 (9th Cir. 2000). *Heck* also applies to charges of unlawful or false arrest. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998).

In *Nuno v. County of San Bernardino*, the plaintiff alleged that defendants detained and arrested him without cause, falsely accused plaintiff of committing a crime, and committed assault and battery upon him without justification. 58 F.Supp.2d 1127, 1130 (C.D. Cal. 1999). The plaintiff also alleged that the County had unconstitutional customs and practices in employing the police officers pursuant to *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978). The court granted defendants' motion to dismiss pursuant to *Heck,* because the plaintiff entered a plea of no contest to California Penal Code §148, resisting an officer, and §12025(a), carrying a concealed firearm. *Nuno,* 58 F.Supp.2d at 1132. The court also dismissed the action under *Monell* because of plaintiff's plea, holding that plaintiff's allegations, if proven, would imply the invalidity of his conviction. *Id.* The court noted that

the plaintiff's allegations of excessive force during his arrest, if proven, would necessarily imply the invalidity of his resisting arrest conviction. *Id.* at 1132.

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir. 2002)). The Court takes judicial notice that, on May 25, 2011, Plaintiff was charged in San Diego Superior Court with violations of California Penal Code §148(a)(1), resisting an officer and § 647(e), unauthorized lodging, in connection with Plaintiff's May 22, 2011 arrest. (Defendants' Request for Judicial Notice, Exhibit 1; ECF No. 9-2 and 10-2 at 4-5). The Court takes judicial notice that, on May 25, 2011, Plaintiff plead guilty to the charge of California Penal Code §148(a)(1) and admitted that, on May 22, 2011, he "resisted an officer in the performance of his duty." (*Id.*, Exhibit 2; 9-2 and 10-2 at 7-10).

Plaintiff's claims arise from his lawful arrest on May 22, 2012 and the subsequent impound of the vehicle he alleges to own. Plaintiff's lawful arrest on May 22, 2012, resulted in conviction on May 25, 2012, for resisting arrest and illegal lodging. This conviction has not been reversed, expunged, declared invalid or called into question by a writ of habeas corpus. *See Heck,* 512 U.S. at 486-87. The Court finds that *Heck* bars Plaintiff's claims for kidnapping, assault, excessive force and false arrest, along with Plaintiff's claims for robbery, carjacking, warrantless search and seizure, and failure to supervise. Any judgment in favor of Plaintiff in this matter would imply the invalidity of his conviction. Plaintiff's claims under § 1983 must be dismissed according to *Heck v. Humphrey*.

## III. Plaintiff's Motion for Sanctions (ECF No. 11)

Plaintiff contends that Defendants rely on "false pretense and false documents" in moving to dismiss the Complaint and that the Motion to Dismiss is frivolous. (ECF No. 12 at 2, 10). Defendants contend that the Motion for Sanctions fails to establish that Defendants brought the Motion to Dismiss for an improper purpose. (ECF No. 14 at 2).

Federal Rule of Civil Procedure 11(b) provides that by presenting a "pleading, written motion, or other paper," an attorney or party certifies the following:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Rule 11 places "stringent notice and filing requirements on parties seeking sanctions." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). A motion for sanctions must "describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c). Additionally, Rule 11 contains a "safe harbor" provision which requires the party seeking sanctions to give the opposing party 21 days notice to withdraw or otherwise correct the offending paper before filing the motion for sanctions. *Id.* at 678; Fed. R. Civ. P. 11(c)(1)(A). The Court of Appeals for the Ninth Circuit enforces the safe harbor provision "strictly" and will reverse any award of sanctions when the moving party fails to comply with the safe harbor provisions "even when the underlying filing is frivolous." *Id.* at 678; *see also Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (finding that plaintiff's informal warnings did not satisfy the "strict requirement that a motion be served on the opposing party twenty-one days prior to filing.").

Plaintiff served Defendants with the Motion for Sanctions on October 5, 2011 and filed the Motion for Sanctions with the Court on October 7, 2011. (ECF Nos. 13, 11). Only two days elapsed from the time Plaintiff served Defendants with the Motion for Sanctions and the time Plaintiff filed the Motion for Sanctions with this Court. Plaintiff's motion consists of two sentences that reference the Court to Plaintiff's opposition to Defendants' motion to dismiss as support for the motion for sactions. (ECF No. 11). The Motion for Sanctions fails to "describe the specific conduct that allegedly violates Rule 11(b)" and fails to comply with the safe harbor rule. Fed. R. Civ. P. 11(c). Accordingly, the Motion for Sanctions is denied

///

///

1

**CONCLUSION**

2       IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant Ace Towing

3   (ECF No. 9) and Motion to Dismiss filed by Defendants Elders, Johns, and Chief of Police for

4   the City of El Cajon (ECF No. 10) are GRANTED.  The Complaint is dismissed pursuant to

5   *Heck v. Humphrey,* 512 U.S. 477 (1994).  The Motion for Summary Judgment filed by Plaintiff

6   Russo Bailey (ECF No. 21) is DENIED as moot.

7       IT IS FURTHER ORDERED that the Motion for Sanctions filed by Plaintiff Russo

8   Bailey (ECF No. 11) is DENIED.

9

DATED:  March 22, 2012

10

11   **WILLIAM Q. HAYES**
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28